UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN WATER WORKS COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UTILITY WORKERS LOCAL 423, *et al*.,<br><br>Defendants. | 11-CV-1462-WJM<br><br>OPINION |

       This matter comes before the Court on two related motions to dismiss filed by two of the union defendants (the "Moving Defendants"). Both Moving Defendants argue that the Complaint fails to state a claim and that venue is improper. One Moving Defendant also argues that this Court lacks subject matter jurisdiction. For the reasons stated below, the Court finds that venue is improper as to the Moving Defendants. The Court will sever those defendants and transfer their cases and will otherwise deny the motions.

    **I.**    **Background**

       Plaintiff American Water Works Company ("AWW") is the parent company of various local subsidiaries called operating companies that operate local water and wastewater utilities through the United States. The six defendants are various unincorporated local unions that represent employees of the operating companies. Of the six defendants, only one, Utility Workers Local 423, is based in New Jersey; Local 423 did not file or join any motion to dismiss. The two defendants that have filed the present motions, Local 1353 of the Laborers International Union of North America and Utility Workers Local 537, are based in West Virginia and Pennsylvania, respectively.
       The union defendants negotiate with the operating companies to develop local collective bargaining agreements covering some terms of employment for their members. But the defendants ceded authority to negotiate certain other terms of employment, specifically relating to medical, retirement, and other benefits, to a committed of representatives that bargains directly with AWW at a national level.
       In 2010, the national-level negotiations failed to reach a deal, and AWW

implemented its last, best, final offer regarding these other terms of employment. The defendants have since filed separate grievances with their local operating companies regarding implementation of these terms, and some or all have allegedly threatened to seek or have demanded arbitration. AWW filed its complaint seeking a declaration that the terms are not grievable, that the grievances are not arbitrable, and that in any event the defendants are preempted from grieving the issue by the Labor Management Relations Act ("LMRA").

## II.   Legal Analysis

### A. Defendants' Arguments Regarding Subject Matter Jurisdiction and Failure to State a Claim Fail

Local 537 argues that the Court lacks subject matter jurisdiction under Section 301(c) of the LRMA, 29 U.S.C. § 185. But, as discussed below, Section 301(c) actually refers to venue, and so Local 537's argument fails. *See, e.g.*, *United Rubber, Cork, Linoleum and Plastic Workers of America, AFL-CIO, Local 102 v. Lee Rubber & Tire Corp.*, 394 F.2d 362, 363 (3d Cir. 1968) (rejecting argument that court lacks subject matter jurisdiction under Section 301(c)); *Gilreath v. Plumbers, Pipefitters & Service Technicians Local 502*, 2010 WL 6429570, at *3 & n.3 (S.D. Ohio Sept. 2, 2010); *National Elevator Bargaining Ass'n v. International Union of Elevator Constructors*, 2008 WL 4566684, at *2 n.1 (D. Md. Oct. 10, 2008); *Franchino v. Valenti*, 347 F. Supp. 1020, 1022 (E.D.N.Y. 1972). This Court has subject matter jurisdiction over this action because AWW asks the Court to determine the arbitrability of the defendants' grievances. *Lukens Steel Co. v. United Steelworkers of America (AFL-CIO)*, 989 F.2d 668, 671 (3d Cir. 1993).

The Moving Defendants also argue that AWW has failed to state a claim upon which relief can be granted because AWW has not alleged that it is a party to the local collective bargaining agreements under which the defendants grieved. But the Moving Defendants fail to cite any legal basis for this argument, and it is unclear if the Moving Defendants are actually raising the issue of standing. Contrary to their general argument, there are instances where an individual that is not a signatory or party to an agreement may have standing to bring a claim about that agreement and/or may be able to state a claim for relief that relates to that agreement. *See, e.g.*, *Cargill Global Trading v. Applied Development Co.*, 706 F. Supp. 2d 563, 579 (D.N.J. 2010) (recognizing that under New Jersey law third party beneficiary of contract has standing to sue ). In light of this – and the fact that they have not really developed their argument by pointing to any case law to the contrary – the Court will deny the motion to dismiss on this point at this time.

2

### B. Venue is Improper as to the Moving Defendants

Both moving defendants argue that the venue is improper in this district under Section 301(c) of the LRMA:

> For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

29 U.S.C. § 185(c). Despite the fact that the legislation explicitly uses the word "jurisdiction", numerous courts, including the Third Circuit Court of Appeals, have held that the statute actually governs the issue of venue, as cited above. According to the allegations of the Complaint, neither Moving Defendant maintains its principal place of business in New Jersey, nor does either Moving Defendant engage in representing or acting for its members in New Jersey. Nor has AWW alleged anything to suggest that the Moving Defendants have even minimal contacts with this District. *See Reed v. International Union of United Auto., Aerospace & Agr. Implement Workers of America*, 945 F.2d 198, 201 n.3 (7th Cir. 1991) (holding that courts may use minimum contacts analysis to determine if Section 301(c) has been satisfied). Thus, under Section 301(c), venue is improper in New Jersey for both Moving Defendants

AWW does not contest the Moving Defendants' characterization of Section 301(c); instead, AWW argues that venue is proper under 28 U.S.C. § 1391(b), the general venue statute. AWW is incorrect. As a matter of basic statutory construction, a general statute does not apply where there is a more specific rule. *See Green v Bock Laundry Mach. Co.*, 490 U.S. 504, 524-25 (1989). Thus, where Congress has created a venue statute specific to certain kinds of actions, that statute trumps the general venue statute. *See Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 158 (1976) ("It follows under the general principles of statutory construction discussed above that the narrowly drawn, specific venue provision of the National Bank Act must prevail over the broader, more generally applicable venue provision of the Securities Exchange Act."); *Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 791 (8th Cir. 2006) ("Ark.Code Ann. § 16-60-115, which specifically addresses proper venue for an action against a surety on a contractor's payment or performance bond, trumps the general venue provision of the Arkansas Insurance Code fixing venue for any action against any type of

insurer."); *Harding v. Williams Property Co.*, 163 F.3d 598, at *2 & n.5 (4th Cir. 1998) (table) (holding specific venue provision of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, trumps general venue provision Section 1391); *Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 587-88 (9th Cir. 1991) (same); *Bolar v. Frank*, 938 F.2d 377, 379 (2d Cir. 1991) (same); *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102-03 (D.C. Cir. 1969) (same). And in such cases, the general venue statute does not provide an alternative basis for venue. While case law analyzing the applicability of Section 301(c) with relation to 28 U.S.C. § 1391 is scant, the logical conclusion to reach based on the forgoing is that Section 301(c), being the specific statute, trumps, and Section 1391(b) has no application.

### C. The Court Will Sever and Transfer the Two Moving Defendants

Once the Court has determined that venue is improper as to certain defendants, the Court must take one of three steps: dismiss the case against those defendants, transfer the entire case to a venue that would be proper as to all defendants, or sever the defendants for which venue is improper and transfer those cases. *See* 28 U.S.C. § 1406(a); *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994).

Severance is the best option. The Moving Defendants have failed to raise any alternate argument that suggests that dismissal is appropriate here, and the Court fails to see how justice would be served by forcing AWW to refile. Transferring the entire case is also out of the question: under this Court's interpretation of Section 301(c), there is no proper venue. Each defendant is a local union that would ostensibly be amenable to suit under Section 301(c) in different districts based on the allegations of the Complaint.

While the Third Circuit has cautioned against severance where the party to be severed is indispensible, *see, e.g.*, *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 33-34 (3d Cir. 1993), none of the parties here are indispensible. Each defendant union operates under its own local collective bargaining agreement, and although AWW has categorized them together, each is an independent entity raising an independent grievance. Although it would obviously be more convenient for AWW to be able to bring its declaratory judgment against all six unions in one venue, the law does not appear to provide it that convenience. While it is regrettable that this may create some inefficiencies and irregularities, this may be unavoidable given the nature of the action and the parties involved. Congress crafted a specific regime for venue applicable to suits by and against labor organizations that this Court must follow it.

According to the allegations of the Complaint, the Southern District of West

Virginia would be the appropriate venue for the action against Local 1353, which is based in Charleston, West Virginia. The appropriate venue for the action against Local 537, based in Washington, Pennsylvania, would be the Western District of Pennsylvania.

### III.   Conclusion

For the foregoing reasons, the Court will sever defendants Local 1353 and Local 537 from the action and transfer their cases to the appropriate districts and otherwise deny the motions to dismiss. An appropriate order follows.

            /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**