IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN WATER WORKS COMPANY, INC., | ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 11-1257 ) ) Judge Cathy Bissoon |
| UTILITY WORKERS LOCAL 537, an unincorporated association and affiliate of Utility Workers Union of America, | ) Magistrate Judge Maureen P. Kelly ) ) ) |
| Defendant. | ) |

# **ORDER**

For the reasons that follow, the parties' cross-Motions for Summary Judgment (Docs. 74 & 77) will be denied, and the parties will be ordered to brief the issue of whether Plaintiff has standing to seek the declaratory relief requested in the Complaint.

Plaintiff American Water Works Company, Inc., has filed this lawsuit under the Declaratory Judgment Act, challenging grievances brought by Defendant, Utility Workers Local 537, under collective bargaining agreements ("CBAs") entered between Defendant and three of Plaintiff's wholly-owned subsidiaries. *See generally* Compl. (Doc. 1); Joint Stmt. of Facts (Doc. 71, hereinafter cited as "Facts") at ¶¶ 2-4. Specifically, Plaintiff seeks judicial declarations that Defendant's grievances are not arbitrable under the CBAs, and it requests that Defendant be directed to withdraw its demands for arbitration. *See* Compl. at Wherefore clauses.

The parties have filed cross-Motions for Summary Judgment, arguing their respective positions regarding whether Defendant's grievances are arbitrable. *See generally* parties' Brs. (Docs. 78 & 80). In reviewing counsel's submissions, this Court was struck by Defendant's assertion that Plaintiff's subsidiary companies, not Plaintiff itself, were parties to the CBAs.

*See* Doc. 80 at 6 ("[Plaintiff] is not a party to any of [the collective bargaining] agreements"). Having independently reviewed the CBAs, the Court has found no indication that Plaintiff was a party to the CBAs, or that Plaintiff was an intended third-party beneficiary thereof. *See* CBAs (filed under Docs. 71-1 through 71-9). In the undersigned's view, these circumstances beg the question whether Plaintiff has standing to obtain the declaratory relief it requests.

This is not the first time that the issue of standing has arisen. Before transferring the case to this Court for venue-related reasons, New Jersey District Judge William J. Martini wrote:

> Defendant[] . . . argue[s] that [Plaintiff] has failed to state a claim upon which relief can be granted because [Plaintiff] has not alleged that it is a party to the [CBAs] under which [D]efendant[] grieved. But . . . Defendant[] fail[s] to cite any legal basis for this argument, and it is unclear if [Defendant is] actually raising the issue of standing. Contrary to [Defendant's] general argument, there are instances where an individual that is not a signatory or party to an agreement may have standing to bring a claim about that agreement and/or may be able to state a claim for relief that relates to that agreement. . . . [U]nder New Jersey law[, a] third party beneficiary of contract has standing to sue . . . . In light of this – and the fact that [Defendant] ha[s] not really developed [its] argument by pointing to any case law to the contrary – the Court will deny the motion to dismiss on this point at this time.

*See* Order dated Sept. 23, 2011 (Doc. 41) at 2.

As seen above, the lack-of-standing argument was conditionally denied at the 12(b)(6) stage, because, "at [that] time," Defendant had not identified legal authority in support of it. *See id.* Defendant preserved the lack-of-standing defense in its subsequently filed Answer,[1] and the issue has not been waived. Even had Defendant waived the issue, though, the law is clear that the Court may reach it *sua sponte*. UPS Worldwide Forwarding, Inc. v. U.S. Postal Serv., 66 F.3d 621, 626 n.6 (3d Cir. 1995) (Court of Appeals for Third Circuit has "raised the matter of constitutional and prudential standing, even when the parties agreed that standing

---

[1] *See* Answer (Doc. 47) at Second Defense ("Plaintiff and this Defendant are not and never have been parties to a [CBA] and thus . . . Plaintiff has no standing to maintain this litigation.").

existed"; court has independent obligation to ensure that federal jurisdiction is present and prudently exercised) (citations omitted); *accord* RK Co. v. See, 622 F.3d 846, 852 (7th Cir. 2010) ("[i]n addition to jurisdictional limits on standing, there are prudential limitations on a federal court's power to hear cases," including "the principle that the named plaintiff cannot sue in federal court to assert the rights of a third party," and "[t]he court can *sua sponte* address this concern when it sees fit") (citations omitted).

Turning to the merits of standing, numerous courts have recognized that a party does not have standing to bring a declaratory judgment claim regarding rights and obligations under a contract to which it is neither a party nor a third-party beneficiary. Tri-State Generation & Transmission Ass'n, Inc. v. BNSF Ry. Co., 2008 WL 2465407, *3 (D. Ariz. Jun. 17, 2008) (citations omitted); *accord* Evans v. Sirius Computer Solutions, Inc., 2012 WL 1557294, *2 (D. Or. May 1, 2012) (citations omitted); *see also, e.g.*, Molinari v. Consol Energy Inc., 2012 WL 5932979, *8-9 (W.D. Pa. Nov. 27, 2012) ("a non-party to a [contractual provision] does not have standing to sue for a declaratory judgment that the [provision] is unenforceable") (citation omitted).[2]

In previously declining to address standing, the New Jersey District Court cited Plaintiff's potential status as a third-party beneficiary. *See* discussion *supra*. On closer examination, however, the notion that Plaintiff is a third-party beneficiary appears unsupported by the language of the CBAs. Although the CBAs contemplate that workers' insurance and retirement benefits would be determined through negotiations between Defendant's national

---

[2] Although some decisions have not drawn the distinction, this Court finds the issue in question to be one of prudential standing. *See* UPS Worldwide, 66 F.3d at 626 (in addition to Article III standing, federal courts have developed prudential standing considerations, including requirement that "a litigant assert [its] own legal interests rather than those of third parties") (citation to quoted source omitted).

representatives and Plaintiff,[3] nowhere do the CBAs state or imply that this arrangement was made for the benefit of Plaintiff as a third-party beneficiary. *See generally* Tredennick v. Bone, 2008 WL 5397753, *1 (3d Cir. Dec. 29, 2008) (rejecting claim that majority shareholder, who possessed 92% of corporation's stock, was intended third-party beneficiary of contract because, under Pennsylvania law, "a party becomes a third party beneficiary only where both parties to the contract express an intent to benefit the third party in the contract itself"). "To be a third party beneficiary entitled to recover on a contract[,] it is not enough that it be intended by one of the parties to the contract and the third person that the latter should be a beneficiary"; rather, "both parties to the contract must so intend and must indicate that intention in the contract." Sound of Mkt. Street, Inc. v. Continental Bank Int'l, 819 F.2d 384, 389 (3d Cir. 1987) (citation to quoted source omitted). Thus, "a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within [the promisor's] contemplation at the time the contract was entered[,] such liability was intentionally assumed by [the promisor, and] the obligation to the third party . . . affirmatively appear[s] in the contract itself." *Id.* (emphasis added, citation to quoted source omitted).

In the absence of such expressions, Plaintiff's role as the parent corporation of subsidiaries who entered into CBAs with Defendant is insufficient to confer standing. As the Court of Appeals for the Third Circuit has explained, "if it was not the promisee's intention to confer direct benefits upon a third party, but rather such third party happens to benefit from the performance of the promise either coincidentally or indirectly, then the third party will have no enforceable rights under the contract." E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermeds., S.A.S., 269 F.3d 187, 196 (3d Cir. 2001).

---

[3] *See generally* Facts at ¶¶ 10-11.

A corporate parent is "not an intended third party beneficiary of [its subsidiaries' a]greement[s] any more than any [other] parent who expects to benefit from the success of the business ventures of its subsidiar[ies]." *Id.* at 196-97. On the other side of the same coin, allowing Plaintiff to sue on behalf of its subsidiaries would be tantamount to piercing the corporate veil in its favor, an approach that is inconsistent with the laws of corporate identity. *See* General Nutrition Corp. v. Gardere Wynne Sewell, LLP, 727 F. Supp.2d 377, 385-86 (W.D. Pa. Jul. 21, 2010) ("[c]ourts will not allow a parent corporation to pierce the corporate veil it set up for its own benefit in order to advance the claims of its subsidiary") (collecting cases, citation to quoted source omitted); PayPhone LLC v. Brooks Fiber Commuc'n of Rhode Island, 126 F. Supp.2d 175, 179 (D.R.I. Jan. 3, 2001) (corporation may not pierce its own veil or apply alter ego doctrine for its own benefit; "the alter ego and corporate veil piercing doctrines are equitable in nature," and "the right to apply either doctrine is reserved to aggrieved third parties") (citations omitted).

For all of the reasons stated above, the Court has doubts regarding Plaintiff's ability to establish standing as to the relief requested in the Complaint.[4] Because the parties have not currently presented the standing issue for adjudication, however, the Court will consider the

---

[4] In arguments not directly related to standing, Plaintiff has suggested that its claims implicate two different sets of agreements, the CBAs and the National Benefits Agreement ("the NBA"). *See, e.g.*, Pl.'s Br. (Doc. 84) at 4-5. Plaintiff asserts that Defendant participated in negotiations regarding the NBA, either directly or indirectly, and Plaintiff appears to insinuate that the existence of the NBA, to which it was a party, overcomes the fact that Plaintiff was not a party to the CBAs. *See id.* The fact remains, however, that Plaintiff thus far has failed to demonstrate its entitlement to judicial declarations regarding the *contracts under which the grievances have been brought, and the arbitration provisions questioned*, *i.e.*, the CBAs. Regardless of whether Defendant's grievances ultimately are arbitrable under the CBAs (or have merit), Plaintiff has not established its standing to obtain declarations regarding contracts to which it was neither a party nor a third-party beneficiary.

matter as having been raised *sua sponte*, and the parties hereby are afforded notice and an opportunity to respond.

Consistent with the foregoing, the Court **ORDERS** as follows: the parties' cross-Motions for Summary Judgment (**Docs. 74 & 77**) are **DENIED**, without prejudice to renewal should the Court conclude that Plaintiff has standing; the parties shall cross-file briefs regarding standing by **March 28, 2013**; and the parties may file responses by **April 18, 2013**. None of the parties' briefs or responses shall exceed twenty (20) pages in length.

Finally, the Court notes that, in two of the three Judicial Districts in which Plaintiff has litigated its claims, the parties have settled their disputes and the cases have been dismissed with prejudice. *See* Stip. of Dismissal with Prejudice in Civil Action No. 11-686 (S.D. W.V. May 30, 2012) (dismissing claims against LIUNA Local 1353) *and* Orders of Dismissal in Civil Action No. 11-1462 (D. N.J. Feb. 10, 2012) (dismissing claims against Local 121, Local 423 & AFSCME Local 1821). Should the parties here conclude that their energy and resources may be better spent pursuing an amicable resolution, rather than engaging in heady legal discourse regarding the existence or absence of standing, the Court is willing to entertain a joint request for a reasonable stay of the briefing schedule so that the parties may engage in further settlement discussions, Court-facilitated or otherwise.

IT IS SO ORDERED.

March 8, 2013                                                            s\Cathy Bissoon
                                                                                Cathy Bissoon
                                                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record